# COURT OF APPEALS
# DECISION
# DATED AND FILED

# June 8, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1943-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2020CF528

IN COURT OF APPEALS
DISTRICT II

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

JAMMIE L. BLOUNT,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Racine County: MAUREEN M. MARTINEZ, Judge. *Affirmed*.

¶1    KORNBLUM, J.[1]  Jammie L. Blount appeals from a circuit court judgment and order denying his postconviction motion requesting a sentence modification based on a "new factor."  He argues that the court erred in the manner in which it immediately corrected a sentence that both he and the State agreed was illegal.  Blount argues that the court's corrected sentence is a "new factor" that warrants reversal of his sentence.  We conclude the circuit court properly denied Blount's postconviction motion and affirm.

## BACKGROUND

¶2    This appeal concerns sentencing after Blount entered guilty pleas, pursuant to plea agreements, on two different cases on the same day, case Nos. 2020CF528 and 2020CF329.[2]  Only case No. 2020CF528 is before us.  The specific facts underlying both complaints are not relevant to this appeal.  As part of the plea deal in case No. 2020CF528, the State reduced a felony charge of stalking to three misdemeanor counts of disorderly conduct, each with the domestic abuse enhancer.  The only aspect of the plea agreement that concerned both cases was the State's agreement to recommend concurrent sentences.

¶3    The circuit court sentenced Blount on both cases on the same day.  After listing the factors in sentencing and stating its priorities of protection of the public, gravity of the offense, and rehabilitation of the defendant, the court

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] Case No. 2020CF329, which is not on appeal in this case, concerned a recklessly endangering safety charge.  Case No. 2020CF528 was a charge of felony stalking, domestic abuse, party to a crime.

2

proceeded to sentencing on each of the cases. In case No. 2020CF329, the court sentenced Blount to a four-year prison sentence, "two in and two on ES [extended supervision]."

¶4      The circuit court then considered the appropriate sentence on the case before us. The court agreed with Blount's attorney that Blount needed "some probation time." The court imposed and stayed ninety-days' confinement on each count to run consecutive to each other "if you get revoked." The court put Blount on probation for three years. The court then established conditions for probation. After discussion of the conditions, earned release credit and the challenge incarceration program, the following exchange took place:

> MS. DONOHOO: Just clarification, is the probation concurrent or consecutive to the prison?
>
> THE COURT: It's consecutive to the prison.
>
> MS. DONOHOO: Thank you.
>
> THE COURT: Well, it will be concurrent with his ES, but then it last[s] farther than his ES. Its one more year than his ES is going to go. Because his ES will be two years.
>
> MR. RAMIREZ: I don't think you can do that, Judge.
>
> THE COURT: It has to be concurrent?
>
> MS. DONOHOO: Concurrent or consecutive to the sentence. I don't think that you can make it concurrent or consecutive to just the IC [initial confinement] portion.
>
> THE COURT: To just the part of the ES?
>
> MS. DONOHOO: Right.
>
> THE COURT: Okay. Well, my thoughts were, is that he needs time to engage in the culinary school, and they can help him with all of that on probation. So I'm going to say it's consecutive. Okay.
>
> Anything else?

3

MS. DONOHOO: Not from the State.

MR. RAMIREZ: So the three years of the probation consecutive to the prison sentence.

THE COURT: Right.

MR. RAMIREZ: Okay.

The court then concluded the sentencing.

¶5 Blount filed a postconviction motion seeking sentence modification. Blount argued that the circuit court erroneously exercised its discretion when it corrected its error by increasing the amount of time that Blount would spend on supervision by making the probation sentence in case No. 2020CF528 consecutive to case No. 2020CF329. Blount characterized the original sentence as "a global sentence consisting of two-years['] confinement followed by five-years['] supervision." Blount argued that the court could have achieved the same result, five-years' supervision, with a different sentencing structure. Blount requested a resentencing for one year total probation in this case.

¶6 The circuit court denied the postconviction motion, explaining:

> I ordered in 20CF528, 90 days imposed and stayed, and three years probation. And then in the other case, the 329 case, I had ordered four years two and two. And my effort, because that's what I read in the PSI and that's what was argued, was to give him lots of time on probation because he said he wanted to go to culinary school. Probation and parole can help with that. And on page 30 of the transcript of the sentencing argument, I say it. My thoughts were that he is—needs to engage in the culinary school and they can help him with all of that on probation, so I'm going to say it's consecutive because the question was—I originally had said it should be consecutive to—or concurrent with the ES on the … 528 case … and I can't do it that way. It doesn't work that way. That was pointed out to me, and I said, okay. I'm trying to give this guy a lot of time on probation. It sounds to me like he needs it. And so I made it consecutive.

4

Blount now appeals, arguing that the error that the court made initially is a "new factor," and this court should order resentencing.

## DISCUSSION

*Standard of Review*

¶7      The law is well established that a circuit court exercises its discretion at sentencing.  On appeal, the standard of review is whether the court erroneously exercised its discretion.  ***State v. Gallion***, 2004 WI 42, ¶17, 270 Wis. 2d 535, 678 N.W.2d 197.  As our supreme court stated in ***Gallion***:

> [S]entencing decisions of the circuit court are generally afforded a strong presumption of reasonability because the circuit court is best suited to consider the relevant factors and demeanor of the convicted defendant.  Appellate judges should not substitute their preference for a sentence merely because, had they been in the [circuit] judge's position, they would have meted out a different sentence.

*Id.*, ¶18 (first alteration in original; citations omitted).

¶8      Whether a factor is a "new factor" for purposes of sentencing is a question of law that this court reviews de novo.  ***State v. Harbor***, 2011 WI 28, ¶33, 333 Wis. 2d 53, 797 N.W.2d 828.

*Erroneous Exercise of Discretion*

¶9      Blount agrees that in issuing the sentence of probation for three years with stayed consecutive ninety-day jail sentences, the circuit court properly exercised its discretion under ***Gallion***, 270 Wis. 2d 535, ¶40.  The problem arose after the initial sentencing.  The State asked the court if the sentence in case No. 2020CF528 was to be concurrent or consecutive to the sentence in case No. 2020CF329, in which the court had imposed a four-year term (two-years

confinement plus two-years extended supervision.). The court initially stated it would be consecutive to prison, then immediately stated "concurrent" with the extended supervision portion of the sentence, and stated "but then it last[s] farther than his ES. Its one more year than his ES is going to go. Because his ES will be two years."

¶10 Blount's counsel pointed out in the very next sentence that the solution the court was attempting was illegal. The state agreed. The court then corrected itself based on the comments of both parties and imposed a consecutive sentence in this case, reverting back to its original sentence. The court then explained its reasoning—to provide Blount with more time to engage in rehabilitation through culinary school. A consecutive sentence could accomplish this. At no time did Blount's counsel object or raise the argument he raises here: that when the court stated it wanted to make the sentence in this case concurrent with a portion of the sentence in the previous case, the court had created the permanent expectation in Blount that the court was limiting his overall exposure to five years.[3]

¶11 Blount essentially is arguing that a circuit court cannot correct a known sentencing error, even within moments of committing that error, without the sentencing being subjected to a "new factor" analysis. We disagree. The court here complied with long-established Wisconsin law, which allows a court to

---

[3] The State argues that Blount forfeited his right to raise any of his arguments because he did not object to the circuit court's actions at the time of sentencing. We agree that judicial efficiency would have been promoted had Blount lodged his objection when the circuit court could have considered it at sentencing. However, forfeiture is not a jurisdictional issue, and the appellate court can consider arguments that arguably were forfeited. *State v. Erickson*, 227 Wis. 2d 758, 766-67, 596 N.W.2d 749 (1999).

correct a legal error in sentencing when the error correction is done immediately and prior to the defendant starting to serve his or her sentence. *See State v. Gruetzmacher*, 2004 WI 55, ¶¶2, 36-38, 271 Wis. 2d 585, 679 N.W.2d 533 (error corrected within two weeks of sentencing where court changed the sentence in one of several cases from probation to incarceration); *State v. Burt*, 2000 WI App 126, ¶11, 237 Wis. 2d 610, 614 N.W.2d 42 (circuit court realized it made an error of speech in pronouncing Burt's sentence and took immediate steps to correct the sentence before the judgment of conviction was entered into the record).

¶12    In this case, the circuit court's error was recognized immediately, and both parties agreed the court erred. At the time of the correction, the sentence had not even been entered into the record, and Blount had not left the courtroom. The court properly exercised its discretion in correcting the error.

¶13    Blount agrees that the sentencing court can correct errors, but argues that the errors must be corrected in his favor. He appears to argue that when the circuit court imposed the illegal sentence, it was actually pronouncing a "global" sentence of no more than five-years' supervision and that correcting the error added more time to Blount's overall supervision. Thus, according to Blount, the court committed reversible error because it violated his expectations of a global five-year period of supervision in both cases.

¶14    Blount's argument is based on two assumptions that the record does not support. The first assumption is that the circuit court, in sentencing on the two cases, was invoking a global-sentencing scheme that guaranteed Blount a

7

maximum of five years under supervision.[4]  However, neither the circuit court nor any of the parties at the plea or sentencing hearings referred to the two sentences as "global" or in any other way interrelated them.  The Plea Questionnaire/Waiver of Rights form in this case does not mention the other case other than to indicate that "State recommends concurrent time with 20CF329," which the State reiterated at the plea hearing.  The sentencing on each case was separate.  At no time did the court establish a firm expectation that Blount would be subject to a maximum of five-years' supervision.

¶15    The second faulty assumption is that even though the circuit court could have considered other alternatives, the court's failure to do so violated Blount's rights.  Blount supplies no authority for the proposition that a defendant is entitled to the sentence of his choice when a court corrects an error.

¶16    In conclusion, the circuit court did not erroneously exercise its discretion when it corrected an error in sentencing within moments of making the error.

---

[4] Blount does not define what he means by "global."  However, it appears that he is using a commonly understood meaning of the term in criminal law, to refer to a plea agreement which resolves multiple cases at once.  The cases become interconnected through this device.  *See* *State v. Lange*, 2003 WI App 2, ¶36, 259 Wis. 2d 774, 656 N.W.2d 480.

*New Factor*

¶17    Blount argues that a new factor requires resentencing.  He posits that the "new factor" is an "increased" global sentence due to making the sentences concurrent, "when no new aggravating facts were presented that would justify the increase."  Whether a new factor requires resentencing is a question of law that this court reviews de novo.  *See **Harbor***, 333 Wis. 2d 53, ¶33.

¶18    A new factor is "a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties."  ***Id.***, ¶40 (citation omitted).  Blount has the burden to demonstrate by clear and convincing evidence that the new sentence is a "new factor."  *See **id.***, ¶36.  A court has discretion to modify a sentence, but not on second thoughts alone.  ***Id.*** Nonetheless, even the existence of a new factor does not require sentence modification.  ***Id.***, ¶37.  "Thus, to prevail, the defendant must demonstrate both the existence of a new factor and that the new factor justifies modification of the sentence."  ***Id.*** at ¶¶37-38.

¶19    Blount has not shown by clear and convincing evidence that a new factor exists here.  He recites the history of the exchange at the sentencing hearing and argues that the circuit court's realization that the sentence it had imposed was not lawful amounts to a "new factor" for purposes of resentencing.  First, as discussed above, the record does not support Blount's assumption that the court intended to impose a "global" sentence with a maximum supervision of five years.  Second, the court did not increase the sentence in this case.  The sentence in this case was three-years' probation.  What the court did was make the sentence

9

consecutive to the other sentence because the court could not accomplish the sentencing goals in the manner it had attempted. This is not a "new factor." Correction of an error of law under these circumstances does not amount to a new factor.

¶20 Even if Blount's argument passed the first test for a "new factor," it would not require resentencing. The circuit court engaged in error correction which did not change any part of the current sentence of three-years' probation, it just made the sentence consecutive to another sentence. The court articulated its reasons for doing so, which Blount agreed were appropriate: to rehabilitate Blount by allowing him to attend culinary school. The court did not engage in second thoughts.

## CONCLUSION

¶21 In conclusion, the circuit court appropriately exercised its discretion to correct an illegal sentence within a few moments of imposing it. Nothing in the record supports the assumption that the court intended to impose a "global" sentence with a maximum period of supervision of five years, which it then violated by correcting the error. Blount did not prove by clear and convincing evidence that error correction was a "new factor" that requires resentencing. For the above-stated reasons, we affirm the judgment and order of the circuit court.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.